UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MERLIN BROOKS, <br><br> PLAINTIFF, <br><br> V. <br><br> ROCKY MOUNTAIN HOLDINGS LLC <br> AND AIR METHODS CORPORATION, <br><br> DEFENDANTS. | CIVIL ACTION NO. 3:20-CV-523-DJH |

## AMENDED COMPLAINT

Comes Plaintiff, Merlin Brooks, by counsel, and for his Complaint against Defendants, Rocky Mountain Holdings LLC, and Air Methods Corporation, hereby states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff, Merlin Brooks, is a resident of Madison, Jefferson County, Indiana.

2.  Pursuant to KRS 411.167, Plaintiff obtained the expert support necessary to proceed with commencing this action. *See* Exhibit A.

3.  At all times mentioned herein, Defendant, Rocky Mountain Holdings LLC, was and is a Foreign Limited Liability Company authorized to do business in the Commonwealth of Kentucky, with its principal office is located at 5500 Quebec Street, Greenwood Village, Colorado 80111. Defendant, Rocky Mountain Holdings LLC, has appointed as its agent for service of process, CT Corporation System, 306 W Main St., Suite 512, Frankfort, KY 40601.

4.  Defendant, Rocky Mountain Holdings LLC, is subject to the personal jurisdiction of this Court under Kentucky's Long Arm Statute based on KRS 454.210(2)(a)(2)(3) and (4),

among other provisions, as Plaintiff's claims arise out of Defendant's transaction of business and the commission of tortious acts within the Commonwealth of Kentucky and by virtue of Defendant's substantial, continuous, and systematic contact with the Commonwealth of Kentucky unrelated to Plaintiff's claims.

5. At all times mentioned herein, Defendant, Air Methods Corporation, was and is a Foreign Corporation authorized to do business in the Commonwealth of Kentucky, with its principal office is located at 5500 Quebec Street, Greenwood Village, Colorado 80111. Defendant, Air Methods Corporation, has appointed as its agent for service of process, CT Corporation System, 306 W Main St., Suite 512, Frankfort, KY 40601.

6. Defendant, Air Methods Corporation, is subject to the personal jurisdiction of this Court under Kentucky's Long Arm Statute based on KRS 454.210(2)(a)(2)(3) and (4), among other provisions, as Plaintiff's claims arise out of Defendant's transaction of business and the commission of tortious acts within the Commonwealth of Kentucky and by virtue of Defendant's substantial, continuous, and systematic contact with the Commonwealth of Kentucky unrelated to Plaintiff's claims.

7. Defendant, Rocky Mountain Holdings LLC, is the sole shareholder of Defendant Air Methods Corporation, and Defendant, Rocky Mountain Holdings LLC operates under the assumed name of Air Methods Corporation and is responsible for the operations conducted under the assumed name. Because of the connection between this forum and the underlying allegations contained herein, specific jurisdiction is conferred.

8. Venue is proper in this Court pursuant to KRS 452.460.

9. Each of Plaintiff's claims asserted herein exceed the jurisdictional limit of this Court.

## FACTS

10. On or about June 18, 2019, Plaintiff presented to King's Daughter Hospital ("KDH") in Madison, IN, where he was admitted for in-patient treatment of cellulitis and osteomyelitis of his right foot.

11. On or about June 21, 2019, at approximately 08:55 a.m., Plaintiff began to experience severe, midsternal chest pain; a myocardial infarction was suspected. KDH was not equipped to provide requisite, emergent treatment. KDH, therefore, arranged transport for Plaintiff to Norton Hospital ("Norton") in downtown Louisville, Kentucky.

12. At approximately 09:13, KDH nursing staff contacted Air Methods Corporation for emergency air medical transport to Norton. Air Methods Corporation accepted Plaintiff for transport, reporting an arrival time to KDH of thirty-five (35) minutes (KDH nursing staff also contacted StatFlight to expedite transfer, but StatFlight denied). Contemporaneous with arranging Air Methods Corporation transport, the attending KDH physician phoned Norton for transfer arrangements. Norton accepted the transfer and indicated that staff would be on standby to meet the Air Methods Corporation transport team upon arrival.

13. At approximately 09:55, KDH nursing staff contacted Air Methods Corporation, inquiring as to the transport team's estimated time of arrival ("ETA"). Air Methods Corporation reported that the transport team's ETA to KDH was twenty (20) to twenty-five (25) minutes.

14. At approximately 09:58, KDH nursing staff contacted ground EMS for possible ground transport to Norton, but no units were available.

15. At approximately 10:13, Air Methods Corporation contacted KDH nursing staff, reporting an ETA to KDS of ten (10) to fifteen (15) minutes.

16. At approximately 10:30, Air Methods Corporation transport team arrived at KDH. KDH staff gave report and Plaintiff's information packet to Air Methods Corporation transport team staff. Plaintiff was then removed from KDH intensive care unit monitors, placed on Air Methods Corporation monitors, and transferred into the helicopter.

17. At approximately 10:48, Air Methods Corporation departed KDH with Plaintiff for Norton in Louisville, KY.

18. Upon arrival to Norton, Plaintiff underwent emergent treatment for myocardial infarction.

**COUNT I:   NEGLIGENCE**

19. On or about June 21, 2019, Defendants, Air Methods Corporation and Rocky Mountain Holdings LLC, by and through its agents, servants, and/or employees and/or ostensible and/or apparent agents, servants, and/or employees provided emergency air transport services to Plaintiff and failed to exercise ordinary care and breached the duties owed to Plaintiff, causing negligent delay in medical care and treatment.

20. As a direct and proximate result of the acts and/or omissions of Defendants described above, Plaintiff sustained serious and permanent bodily injury, causing him to suffer great physical pain and mental anguish, lost wages, and destroying his power to labor and earn money.

21. As a direct and proximate result of the acts and/or omissions of Defendants described above, Plaintiff was caused to incur expenses for hospital and medical treatment, physicians' services, and medications and will continue to incur such expenses in the future.

22. As a direct and proximate result of the acts and/or omissions of Defendants described above, Plaintiff is at an increased risk for future harm and future medical complications and has and will suffer damages as a result.

### COUNT II:   MEDICAL NEGLIGENCE

23. All of the allegations previously set forth are incorporated herein by reference.

24. On or about June 21, 2019, Defendants, Air Methods Corporation and Rocky Mountain Holdings LLC, by and through its agents, servants, and/or employees and/or ostensible and/or apparent agents, servants, and/or employees provided medical care and treatment to Plaintiff and deviated from the accepted standard of care in the performance of its medical responsibilities, thus constituting medical negligence.

25. As a direct and proximate result of the acts and/or omissions of Defendants described above, Plaintiff sustained serious and permanent bodily injury, causing him to suffer great physical pain and mental anguish, lost wages, and destroying his power to labor and earn money.

26. As a direct and proximate result of the acts and/or omissions of Defendants described above, Plaintiff was caused to incur expenses for hospital and medical treatment, physicians' services, and medications and will continue to incur such expenses in the future.

27. As a direct and proximate result of the acts and/or omissions of Defendants described above, Plaintiff is at an increased risk for future harm and future medical complications and has and will suffer damages as a result.

### COUNT III:  GROSS NEGLIGENCE

28. All of the allegations previously set forth are incorporated herein by reference.

29. The conduct of Defendants, as stated above, constitutes gross negligence and reckless indifference, entitling Plaintiff to punitive damages.

## DAMAGES

30. The tortious acts and omissions of Defendants set forth above in all Counts and under all theories were a substantial factor in injuries to Plaintiff, causing him to incur the following losses and damages for which recovery is sought:

    a. Profound pain and suffering, both physical and mental;

    b. Lost wages, earnings, benefits, and employment;

    c. Loss of future earnings and earning capacity;

    d. Loss of love, care, and affection;

    e. Loss of services;

    f. Loss of love and companionship;

    g. Reasonable attorney's fees for prosecuting this action; and

    h. Punitive damages.

**WHEREFORE**, Plaintiff, Merlin Brooks, demands judgment against the Defendants, Air Methods Corporation and Rocky Mountain Holdings LLC, as follows:

   a. For compensatory and punitive damages in an amount exceeding the minimum jurisdiction of this Court;

   b. For trial by jury on all issues so triable;

   c. For his costs herein expended and attorney's fees;

   d. For pre-judgment and post-judgment interest; and

   e. For all other relief to which he may appear to be entitled.

                                              Respectfully submitted,

        */s/ Scott P. Whonsetler*
        Scott P. Whonsetler, Esq.
        WHONSETLER LAW, PLLC
        12802 Townepark Way
        Louisville, KY  40243
        P: (502) 895-2297
        F: (502) 895-8764
        whonsetler@whonsetler.com
        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 8, 2020, a true and correct copy of the foregoing, which was electronically filed with the Court through the CM/ECF system, has been served upon the following counsel of record via First Class Mail, postage prepaid:

Douglas B. Bates
Chelsea R. Stanley
STITES & HARBISON PLLC
323 East Court Avenue
Jeffersonville, IN 47130
Phone:   (812) 282-7566
dbates@stites.com
cstanley@stites.com
*Counsel for Defendants,*
*Rocky Mountain Holdings, LLC*
*and Air Methods Corporation*

        */s/ Scott P. Whonsetler*
        Scott P. Whonsetler