UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-523-DJH-RSE
(*Electronically Filed*)

MERLIN BROOKS                      PLAINTIFF

v.

ROCKY MOUNTAIN HOLDINGS LLC
AND
AIR METHODS CORPORATION            DEFENDANTS

## MOTION TO ENFORCE SETTLEMENT

Comes Plaintiff, Merlin Brooks, by and through counsel, and hereby moves the Court to enforce the settlement agreement reached with Defendants Rocky Mountain Holdings LLC and Air Methods Corporation (Plaintiff and Defendants collectively referred to as the "parties"), and to impose reasonable sanctions upon Defendants' counsel, if deemed appropriate by the Court. In the alternative, Plaintiff moves to withdraw the settlement agreement and permit the parties to proceed to trial. Plaintiff states as follows in support:

1. Pursuant to the Court's May 4, 2022 Text Order (DN 56), the parties settled the case through mediation on August 30, 2022, and immediately began negotiating terms and language of the Release of Claims ("Release") to be executed by Plaintiff per the Mediation Agreement. Mediator Pete Palmer advised that the Release and settlement check should be exchanged within approximately two weeks of the mediation's conclusion (August 30, 2022).

2. Plaintiff's counsel emailed proposed Release terms and language to Defendants' counsel on August 31, 2022. See Exhibit A.

3. On September 2, 2022, Defendants' counsel replied, indicating that some of Plaintiff's proposed Release terms would not be agreeable to their clients and requested that Plaintiff's counsel leave it to them to provide a complete release approved by their clients, which they suspected would come no earlier than the end of following week. See Exhibit B.

4. On September 12, 2022, Plaintiff's counsel emailed Defendants' requesting an update on the status of the Release. See Exhibit C. Defendants replied on September 14, 2022, indicating that they were putting the final touches on the Release to send over; Defendants also asked for clarification as to whether Mr. Brooks was receiving Medicare benefits before the incident date. See Exhibit D. Plaintiffs replied on September 16, 2022, indicating that Medicare did not pay anything towards Mr. Brooks' medical bills, and Defendants responded that they would send the Release to Plaintiff the following Monday, September 19, 2022. See Exhibits E, F.

5. Plaintiff did not receive the Release on September 19, 2022, as Defendants indicated, and on September 21, 2022, Plaintiff emailed Defendants inquiring as to the status of the Release. See Exhibit G.

6. After a series of language changes and Plaintiff providing the Medicare letter to Defendants, Defendants finally presented acceptable Release terms and language per their client to Plaintiffs on October 13, 2022, approximately six weeks after the case was settled. Plaintiff reviewed and signed the Release on October 14, 2022, and returned it to Defendants on October 17, 2022.

7. On October 19, 2022, Plaintiff requested an update on the settlement check, and Defendants indicated that they could check the status with their client. See Exhibit H.

      Defendants indicated that they were waiting on "coinsurer funds," and Plaintiff indicated that this delay was unacceptable.

8. On October 21, 2022, Defendants' counsel indicated that the settlement check was requested on September 1, 2022, from their client and told Plaintiff that they expect to receive it by the end of the following week (i.e., October 28, 2022) and would overnight it to Plaintiff. See Exhibit I.

9. To date, Plaintiff has not received the settlement check from Defendants, despite having negotiated the language and terms of the Release and executing it in good faith; it has been over two months since mediation and over two weeks since Plaintiff has had the executed Release. The repeated delays by Defendants have caused Mr. Brooks extreme distress that has required Plaintiff's counsel to spend hours quelling his anxiety and assuring him that the check would come. Plaintiff's counsel now suspects that the mediation was a sham, not conducted in good faith by Defendants, and has since told Mr. Brooks that steps would be taken to enforce the mediation with sanctions and that he should be prepared to take the case to trial at this point.

    Wherefore, Plaintiff respectfully requests the Court to enforce the agreed to settlement with sanctions, or, in the alternative, to withdraw the settlement agreement and permit the parties to go to trial.

                                     Respectfully submitted,

                                       */s/ Scott P. Whonsetler*
                                       Scott P. Whonsetler
                                       WHONSETLER LAW, PLLC
                                       10200 Forest Green Blvd., Ste 112
                                       Louisville, KY  40223
                                       Phone: (502) 895-2297
                                       Email: whonsetler@whonsetler.com
                                       *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 2nd day of November 2022 I served a copy of the foregoing via electronic mail to the following:

James M. Burd
Lindsay M. Gray
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
Phone: (502) 238-8500
Email: James.burd@wilsonelser.com
Email: Lindsay.gray@iwilsonelser.com

William J. Katt (Pro Hac Vice)
Wilson Elser Moskowitz Edelman & Dicker, LLP
555 East Wells St., Suite 1730
Milwaukee, WI 53202
Phone: (414) 276-8816
Fax: (414) 276-8819
Email: William.Katt@wilsonelser.com

Kathryn A. Grace (Pro Hac Vice)
Wilson Elser Moskowitz Edelman & Dicker, LLP
8444 Westpark Drive, Suite 510
McLean, VA 22102-5102
Phone: (703) 245-9300
Fax: (703) 245-9301
Email: Kathryn.grace@wilsonelser.com
*Counsel for Defendants,*
*Rocky Mountain Holdings, LLC*
*and Air Methods Corporation*

                                                  */s/ Scott P. Whonsetler*
                                                  Scott P. Whonsetler