UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MERLIN BROOKS, **Plaintiff,**

v. Civil Action No. 3:20-cv-523-DJH-RSE

ROCKY MOUNTAIN HOLDINGS LLC and
AIR METHODS CORPORATION, **Defendants.**

\* \* \* \* \*

### ORDER

Before the Court are several motions filed by Plaintiff Merlin Brooks. Brooks first moved to enforce his settlement agreement with the defendants (Docket No. 68) and to seal the exhibits to that motion. (D.N. 70) Brooks now moves to withdraw his initial motion after "having received the settlement check from Defendants[] Rocky Mountain Holdings LLC and Air Methods Corporation." (D.N. 71) Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The motion to withdraw (D.N. 71) is **GRANTED**. The motion to enforce the settlement agreement (D.N. 68) is **DEEMED WITHDRAWN**.

(2) The motion to seal (D.N. 70) is **GRANTED**. The Clerk of Court is **DIRECTED** to seal the exhibits to Docket No. 68 (D.N. 68-1; D.N. 68-2; D.N. 68-3; D.N. 68-4; D.N. 68-5; D.N. 68-6; D.N. 68-7; D.N. 68-8; D.N. 68-9) in the record of this matter.[1]

(3) Having received notice that the parties' settlement is finalized (D.N. 71), this action is **DISMISSED** with prejudice and **STRICKEN** from the Court's docket.

November 9, 2022

David J. Hale, Judge
United States District Court

---

[1] The defendants and the Court agree that the exhibits—copies of communications regarding the settlement—are properly sealed due to the nature of their content. (*See* D.N. 70); s*ee Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981 (6th Cir. 2003) (recognizing that "public policy favor[s] secret negotiations" and "a settlement privilege should exist").

1